UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYSKIE ROSS**  CIVIL ACTION

**VERSUS**  NO. 15-749

**N. BURL CAIN, WARDEN**  SECTION: "B"(3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **GRANTED**.

Petitioner, Tyskie Ross, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On August 3, 1994, he was convicted of second degree murder under Louisiana law.[1] On October 10, 1994, he was sentenced to a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2] On May 10, 1996, the Louisiana First Circuit Court of Appeal affirmed that conviction and sentence.[3]

On June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012).

---

[1] State Rec., Vol. 4 of 5, trial transcript, p. 451.
[2] State Rec., Vol. 4 of 5, transcript of October 10, 1994.
[3] State v. Ross, No. 95 KA 0923 (La. App. 1st Cir. May 10, 1996) (unpublished); State Rec., Vol. 4 of 5.

In 2013, petitioner filed a motion to correct illegal sentence in the state district court, arguing that his sentence was unconstitutional under Miller.[4] On January 14, 2014, that motion was denied.[5] Petitioner's related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal in April 21, 2014,[6] and by the Louisiana Supreme Court on February 27, 2015,[7] on the basis that Miller was not retroactive to cases on collateral review.

Petitioner thereafter filed the instant federal application, again arguing that his sentence was illegal under Miller.[8] The state filed a response conceding that the application was timely and that petitioner exhausted his remedies in the state courts; however, the state argued that petitioner was not entitled to relief because Miller was not retroactive to cases on collateral review.[9]

However, the United States Supreme Court recently held that Miller is in fact retroactive:

> The Court now holds that Miller announced a substantive rule of constitutional law. The conclusion that Miller states a substantive rule comports with the principles that informed Teague. Teague sought to balance the important goals of finality and comity with the liberty interests of those imprisoned pursuant to rules later deemed unconstitutional. Miller's conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution.
> Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity -- and who have since matured -- will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
> Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions. Those prisoners who have shown an inability to reform will continue to serve life sentences. The opportunity for release will be afforded to those who demonstrate

---

[4] State Rec., Vol. 4 of 5.
[5] State Rec., Vol. 4 of 5, Order dated January 14, 2014.
[6] State v. Ross, No. 2014 KW 0191 (La. App. 1st Cir. Apr. 21, 2014); State Rec., Vol. 4 of 5.
[7] State ex rel. Ross v. State, 160 So.3d 982 (La. 2015); Supplemental State Rec., Vol. 1 of 1.
[8] Rec. Doc. 1.
[9] Rec. Doc. 8.

the truth of Miller's central intuition -- that children who commit even heinous crimes are capable of change.

Montgomery v. Louisiana, 136 S. Ct. 718, 736 (2016).

Based on the record and the law, the undersigned finds the following conclusions inescapable:

1. Petitioner was seventeen years old when the crime at issue was committed,[10] and the state courts imposed as the sentence for that crime a *mandatory* term of life imprisonment without benefit of parole.

2. Petitioner's sentence is therefore unconstitutional under Miller.

3. The state courts denied petitioner relief under Miller based on a conclusion that Miller has no retroactive effect to cases on collateral review.

4. That conclusion is directly contrary to the United States Supreme Court's holding in Montgomery.

5. Therefore, petitioner is entitled to federal habeas corpus relief.

Accordingly, the Court must next determine what relief is appropriate. Miller does not forbid a juvenile offender from being sentenced to a term of life imprisonment without parole; rather, it forbids only the imposition of that punishment without an individualized sentencing determination. Accordingly, the undersigned finds that petitioner is entitled to be resentenced in conformity with Miller and that the state courts, in the first instance, are entitled to determine the appropriate sentence. Cf. Hills v. Cain, Civ. Action No. 11-0490, 2012 WL 3524759, at *3 (M.D. La. July 5, 2012) (making an analogous finding with respect to a sentence determined to be unconstitutional under Graham v. Florida, 560 U.S. 48 (2010)), adopted, 2012 WL 3524756 (M.D. La. Aug. 15, 2012).

---

[10] See State Rec., Vol. 4 of 5, trial transcript, p. 387; see also Rec. Doc. 8, p. 6.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petitioner's application for habeas corpus relief be **GRANTED**, that his sentence of life imprisonment without the benefit of probation, parole or suspension of sentence be **VACATED**, and that the state district court be **ORDERED** to resentence petitioner in conformity with Miller v. Alabama, 132 S. Ct. 2455 (2012), within ninety (90) days or, in the alternative, to release him from confinement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this seventeenth day of March, 2016.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.